Well, I would like to hear your questions, because, you know, I'm not versed in making these statements up front. So, if you have questions, that would help me. Hello? Yeah, we kind of think we understand the argument. Yes. And that is that your claim, I believe, is that you have a right to the Homestead Exemption, because, even though it's not titled in your name, now that the state court made an amendment to the original judgment that allowed alter ego claims to proceed through the LLCs, that should give you ownership interest, or possessory interest, or some other state law interest that is protectable under the Homestead Statute. Is that a fair statement? Well, that is one statement. The other statement would be that there is a case from the appeals court Fish v. Apple, that says that it allows a trust to be untitled, and it says, while a trust is not a natural person, and the Homestead Exemption applies only to property of natural persons, there is no requirement to be held by a natural person. Homestead statutes are to be construed liberally on behalf of the homesteader. This is in Fish v. Apple. I was just quoted. You're not, the title isn't held by a trust, it's held by an LLC, correct? Yes, that is true, but the LLC was installed to organize our estate. And do you have any case where that has been applied to an LLC? No, but in the spirit of this finding that there is no requirement that a title be held by a natural person, I think that millions of Californians would be interested to find out whether it has to be in the name of a living trust, and could not be in an LLC, because LLCs have even more advantages than a living trust. Well, they're not the same thing as a living trust, so I think that's Judge Spraker's concern, is that should we readily apply the case you're citing to us, which by the way I'm assuming is a California law case? Yes. Okay, then should we readily apply that to an LLC, which have lots of different purposes? I mean, a trust most typically is a matter of convenience for holding property when individuals don't want to hold it, right? Or there's no reason why they shouldn't hold it, correct? Yes, but a living trust... An LLC is an entity that does business, correct? Let me help you with the answer. The answer is yes, okay? Yes. So, LLCs and trusts are not the same thing, is our point, okay? So, go ahead with anything else you want to say about that point. Well, the other question is, coming back to the alter ego, now the trustee is trying to sell or selling the property directly and not... That matter is not before us, sir, and it's an important distinction in this case. The only matter before us, and this touches on your motion to stay as well, is the homestead exemption. Yes. Do you have a proper exemption? That matter as to the sale isn't before us, and as I understand it from the motion you filed, hasn't been adjudicated yet. So, while I understand that is ultimately your concern, unfortunately that matter is just not before us today. We cannot consider or answer that question. We are only concerned about the exemption and whether under California law you have an exemption in the real property. Well, again, the question is, does the title have to be in the person's name? It does not say in what form it has to be. So, in the spirit of the homestead statute, why would an LLC, specifically when there are only two owners, the mother and the father, who want to give... Why did you put it in an LLC? Because at the time when we discussed, it was $10,000 for the establisher of the estate wanted to have $10,000 or more. So, we thought, well, it was less expensive to make an LLC. And that was your choice, but that had to have consequences, didn't it? Well, I see now. I think Judge Spraker was drawing the distinction. A limited liability company acts to create limited liability for the owners of the company. And it protects assets that are within the limited liability company's control or ownership. And that's a reason why you would take an asset out of your own name and move it into a limited liability company, so that anything that would happen to you wouldn't necessarily happen to the asset that's owned by another entity. But this would be part of an estate plan, because you want to protect the assets. So, why not use the advantages of an LLC? Because you could use a trust, which could be pierced by creditors, and it would be revocable, and it would be an estate planning device. But an LLC would completely insulate, unless there was an alter ego kind of concept, would completely insulate the asset, wouldn't it? Yes, but as we see, Your Honor, as we see, the LLC is worthless. The LLC now has disappeared, in my view. And, you know, I am now, in the eyes of the superior court, I am now the owner, equal to the owner before. So now, I am. It's actually a little different. The California process here is unique, and I think it's a little different from what you're understanding to be. California allows for the imposition of liability against parties who were not originally defendants in the lawsuit. And it's a little bit odd that, you know, what California allows is a plaintiff to sue a defendant, obtain a judgment, and then by motion practice, after that judgment has been obtained, to ask for a determination that somebody else also should be liable for that debt, based upon factors that go to that creditor's claim and what that creditor is able to establish with respect to the relationship, for that creditor's purposes, between the defendant and the third party. So when the court, if the court grants that motion, what the court is doing is acting equitably. And it's acting equitably for the benefit of somebody who deserves that result, and frankly, conquers somebody who's acted inequitably. And that's the end of it. I mean, there is no further equity to be done at that point. All the equity that needs to be done has been done. The court is not equating two different parties. The court is saying, for purposes of this judgment, the right answer is that this entity also answer for it. So this is not a what's good for the goose is good for the gander, because it just doesn't work that way. And that's what Judge Barish, I think, was suggesting, and I don't know why that's the wrong answer. So if you have a reason why you think that's the wrong answer, you know, it is not a matter of equity, because equity has been done. It's over. That's been accomplished. So if you have a different answer, tell me what it is. Your Honor, I have one more question. I am on appeal of the alter ego question. So if the sale now happens without a Homestead claim being saved, at least in form of a bond or so, that once the appeals court, in regards to the alter ego case, finds in my favor, then, you know, the damage is done. That's why God made stays of appeal, okay? So that's a different issue. Well, let me make sure I understand what you just suggested, Mr. Schaffer. And that is that if you get the alter ego theory reversed, it just simply means that the company that holds the judgment can't go after assets that are owned by the LLC to collect their judgment. But what you're dealing with is a situation of bankruptcy where you're trying to suggest, I lost on the LLC issue. So now I should benefit from being able to declare it as my asset. So if you reverse the LLC determination, that would cut against your argument that you have a right for the Homestead exemption, wouldn't it? Yes, but then, you know, I win the war and not only this battle. Because then, you know, the only question is then, what are the rights of my wife in the LLC, because she owns 50% of the LLC. So at least I would ask the court to tell Blizzard or the trustee to set aside, put up a bond or leave it in escrow or leave it with the trustee until the question of the alter ego is solved. I'm not sure that's really the trustee's issue for reasons that I think Judge Gamm was describing. You're just about at four minutes. Would you like to stop now and reserve the rest of your time? Yes. Okay. Mr. Beal. Yes. May it please the court, William Bell, Bell and Burkhardt, on behalf of Francisca Shepard and Blizzard Energy. I do want to talk about the merits, of course, but I think that I have to say a few things about the procedure. I understand when you have a procure that they're going to be given latitude with regard to certain things. And so, for example, just the fact that Mr. Shepard has not established that there's jurisdiction for this appeal before this panel, I'm sure that that's not going to be reason for the appeal to be denied, even though he didn't do what he's required to do by rule. But there are certain things that the panel just really shouldn't put up with and should, no matter which way the panel goes, the record needs to be cleaned up. Mr. Shepard has filed additional briefs that are not called for under the appellate rules. He has attached additional evidence in declarations and exhibits, and that stuff needs to be stricken from the record just to make sure that if the matter gets appealed again, that it's not part of the record before the Ninth Circuit. So that's just a word to the panel. This case is really messed up procedurally in a bunch of different ways. And I understand that propers get a little bit of benefit there, but I just think I need to say that. The next thing that I think that the panel needs to look at very, very carefully is everything Mr. Shepard says has to be looked at through this lens. Mr. Shepard has a $4 million non-dischargeable fraud judgment against him. Mr. Shepard is vociferously arguing that somebody else, namely BKS Cambria LLC, should not pay his judgment. He not only doesn't have standing to say that, it's actively against his interest. Every nickel that BKS Cambria pays. We're a little far afield from the issue before us, which was the denial of the homestead exemption, which is personal and is injury. Why are we getting into standing to assert? Because he's saying, so I understand Mr. Shepard's argument. He's saying California laws allows an exemption, a homestead exemption for residents. He resides there. Therefore, he gets the exemption. Okay, well, so let's talk about that. That's where the interesting part of this case is. So, and again, there's very little law on the matter. I mean, perhaps your clerks found something more than I found, but what I found was this In Ray Bell case.  And it says, in a partnership, which is identical to an LLC, basically. In fact, we oftentimes treat LLCs and bankruptcy cases like partnerships, sometimes like corporations. That you don't get the homestead when you put your property into the partnership. And in this case, into the LLC. Now, what Mr. Shepard's is trying to do is claim a homestead interest in a personal property right. Namely, his membership interest in the LLC. And that's the distinction with the family trust cases. As Judge Gellin found in the Bell case, distinguishing that very case Mr. Shepard's was talking about today. When you have one of these revocable family trusts, you actually still have some of those bundle of sticks they all talked about in real property class back in law school. You have an interest in real property. You have two interests, in fact. One, in Bell, you had the court found that the debtor had a life estate in the property. Which is an interest in the real property. And the other thing that the court found in Bell was that you have a contingent reversionary interest. And the court in Bell both found that those were interests in real property. The Bell court found that the prior California case, and I'm forgetting the name that Mr. Shepard's was talking about that is distinguished in Bell. That those things created an interest in real property. And that interest you can claim a homestead interest in. Here Mr. Shepard's does not claim, does not have, didn't claim as an exemption, an interest in the real property. What he has is an interest in an LLC. It's a personal property interest. And in fact, he put the property into the, well I can't say why he did it. But he has done everything to keep the property away from the bankruptcy case. Away from his creditors through this mechanism of having it in the LLC. And that has allowed him to keep it at one remove. Now that he's lost that ability in a number of different ways. Now he says, well now that makes it my property so I want to claim a homestead interest in it. But if he had claimed that this was his property to begin with. Or if he had had it in his name. It would have been sold a year ago. This case has been going on almost 18 months. And most of that time has been taken up with trying to get around this mechanism that he has done. Of putting this property into the LLC. So he got a benefit out of it. But he pays a price. That's the way the law works. As far as the argument that somehow the alter ego finding gives him an interest in the real property. I think Judge Lafferty hit that on the head. That's just incorrect as a matter of California law. And the Ninth Circuit in the Ockham versus Smedding case that I cited in my briefs. Alter ego findings are specific to the creditor in the situation. They are not general. The trustee doesn't get to take advantage of them. And in addition of course, exemptions are determined at the date of the filing of the case. So we're going back to I believe it's July 1st. July sometime anyway of 2019. And that was long before the alter ego finding occurred. So Mr. Schaffer did not at that time have the alter ego finding as of the date of the filing of the case. So if that did operate, which it didn't. But if it did operate to bring the property into the estate. Then that happened later and his exemption would not have been evaded. Was that argument raised in front of Judge Parrish? You're talking about the alter ego argument? No, no, the timing of it. Yes. Yes. I'm pretty sure I said that in my brief back at the time. We raised the alter ego issue even though Mr. Schaffer didn't really raise it. That was in our pleadings from the beginning. So the situation is that what we have here is a debtor with a personal property interest. And you can't, well I guess that's the wrong distinction. It's an interest in an LLC. The other thing is the LLC has other assets. It definitely has other assets. It has bank accounts. It has lease rights. And to permit the debtor to claim a homestead interest in the LLC interest permits him to claim a homestead interest in property beyond merely the real property that he resides in, apparently resides in. I have no evidence that he does. It's really a fairly simple case. I don't know what else to say about it. Again, there's not much law. What law there is is on the side of my client. That's the way the judge went. And I believe he was correct in doing so. I'm happy to answer other questions. Or if the court wants to talk about, the panel wants to talk about this stay motion, I have things to say about that as well, of course. Well, we may conclude in less than 30 minutes, and then we'll see. I have no further questions for you, Mr. Bell. Anybody else? No, thank you. Thank you very much. I have no further questions for you, Mr. Bell. Okay. Yes, thank you. You've got four minutes, ten seconds. Well, I don't need that. I think some of your judges raised the question of timing. The timing was not mentioned in Judge Barasch's recommendation. So if that is of any importance, then I don't remember whether it was brought up. But as I said, Judge Barasch in his recommendation did not mention any timing difference or problem. Okay. Do you have other recommendations you'd like to make? No, no. That's it. Thank you. I have no further questions. Judges Spraker and Gant, have you any further questions? No, thank you. Do we want to take this time and talk about the motion to stay? I think that's a good idea, Judge Spraker. Mr. Schaffer, do you want to offer any other comments regarding your motion to stay? I will tell you that, again, we are confined by the issue on appeal, which is the homestead exemption. Homestead exemption is an entitlement to money from that asset. It doesn't give you control over that asset. And quite honestly, if the estate can sell it, it does not preclude the sale of that asset. It just means out of those funds, you will get the amount of your exemption. So, I am having trouble squaring how this is even relevant on this appeal to seek a stay of the bankruptcy court. Well, I cannot comment otherwise. You know, it is above my pay grade to come up with these arguments. I think it is unjust that Blizzard will be able to use the judgment to get the property without moving any penny. And, as I said again, if there is no money held back in case I win finally, then, you know, everything is lost. And in the meantime, Blizzard may disappear. That's a little different. First of all, we are very skeptical generally about staying the consideration of an underlying motion, meaning the motion to sell hasn't even been adjudicated in the bankruptcy court. And it would be very difficult to say that the bankruptcy court cannot consider that motion. We don't get the prior restraint, right? Yes, it is after that that there is a stay of the enforcement of that order. You don't stay the consideration of that motion. So, that's what we want to talk to you about because it seems like really your complaint is you don't want the property sold. Understand that you need to make that opposition and see what happens in the bankruptcy rather than asking this appellate court, which is considering only the exemption issue, to do so before a decision is being made. I understand that, and I may come back to you once the bankruptcy court decides on the motion to sell. Maybe they don't agree, but if they agree, then I may appeal to you again. Fair enough. That is fair enough. But also taking a look at the underlying motion, it appears that the bankruptcy estate is not selling it based upon alter ego or anything. They're selling it through your interest in the LLC and your previous status as the managing member, which is a whole different kettle of fish. So, these matters, while they ultimately relate because they may well result in the liquidation of the property to money, and then the exemption impacts that distribution, whether or not they can sell is a very different matter that needs to be addressed in the bankruptcy court. I understand that. Okay. Well, we're a little over our time. I have no further questions. Judge Gann, any further? I don't. Mr. Baker, anything further? No, thank you. I'm glad you joined us, Mr. Schaffer. I was a little worried at the beginning, but it's nice to see you. I'm learning. In my old age, I'm learning something. We all are. Thank you so much. Thank you, Your Honor. Thank you. Thank you for your good arguments. Thank you. Thank you. Okay. And, Madam Clerk, does that conclude the calendar for today's session of the Bankruptcy Appellate Panel? Yes, it does. Okay. Unless someone has any other business, we are in recess.
judges: Lafferty, Spraker, Gan